IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LAWRENCE M. JIRON,

       Plaintiff,

vs.                                                   No. CV 19-00791 RB/CG

JARED POLIS, et al.,

       Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL
## FOR LACK OF JURISDICTION

THIS MATTER is before the Court *sua sponte* under Federal Rule of Civil Procedure 12(b)(2) on the Civil Complaint filed by Plaintiff Lawrence Jiron. (Doc. 1.) The Court lacks jurisdiction over all Defendants and claims and will dismiss the case without prejudice under Rule 12(b)(2).

Plaintiff is a prisoner incarcerated by the Colorado Department of Corrections at the Limon Correctional Facility in Limon, Colorado. (*Id.* at 6.) In his Complaint, Plaintiff names Jared Polis, Governor of the State of Colorado. (*Id.* at 1.) He also improperly uses the phrase "et al.," an abbreviation for *et alii*, meaning "and others" in the caption, but he does not specify who the "others" might be. *See et alii*, Black's Law Dictionary (6th ed. 1990).

In the body of his Complaint Jiron alleges "I needed to change the Court—for this Court of Colorado will not prosecute the Defendants." (Doc. 1 at 1.) He then references a civil cause number, 19cv1730 G.P.G., and mentions United States District Judge Lewis F. Babcock of the District of Colorado. (*Id.*) Jiron asserts he is seeking copyright and trademark relief under the federal trade and commerce statutes and contends "[i]n the rules-15-USC, 1-38, states IT I, can record my complaint in any U.S. District Court to address my concerns. Colo is very prejudice and

1

Bias." (*Id.* at 2.) Jiron then lists several Colorado state criminal cases (Alamosa County 01-cr-85, Delta County 07-cr-220, Fremont County 11-cr-18 and Logan County 14-cr-257 and 17-cr-87), claims false imprisonment and kidnapping, and demands that this Court order Colorado Secretary of State Williams to return his bonds and "release me." (*Id.* at 3–4.) He signs his Complaint as "Sovereign American ©" and "Solitary Witch ©." (*Id.* at 4.) The Complaint does not contain allegations of any act, omission, statement, transaction, or occurrence in or connected to the State of New Mexico.

Plaintiff is a prisoner, proceeding pro se and seeking redress against a Colorado governmental officer. Therefore, his Complaint is subject to preliminary screening and dismissal under 28 U.S.C. § 1915A. Section 1915A contains no express authorization for a dismissal for lack of personal jurisdiction. *See* 28 U.S.C. § 1915A. The Tenth Circuit Court of Appeals has previously held, however, that a district court may, in certain circumstances, properly dismiss an action based on an affirmative defense where the defense clearly appears on the fact of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *Fratus v. Deland*, 49 F.3d 673, 674–75 (10th Cir. 1995). The lack of jurisdiction is clearly apparent on the face of the Complaint.

The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant "so long as there exist minimum contacts between the defendant and the forum State." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). The "minimum contacts" standard may be met, consistent with due process, "if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). A district court's exercise of personal jurisdiction over defendant must also be reasonable in light of the

circumstances surrounding the case. *See id.* at 477–78.

Apparently as a jurisdictional basis, Plaintiff asserts that under Title 15 of the United States Code, he "can record my complaint in any U.S. Dist. Ct." (Doc. 1 at 2.) Although his Complaint does not specify what provision of Title 15 Jiron may be seeking to invoke, the likeliest provision appears to be 15 U.S.C. § 15. Section 15 states that anyone who has been injured by a violation of Title 15 "may sue therefore in any district court of the United States in the district in which the defendant resides or is found." 15 U.S.C. § 15(a). The Complaint does not appear to allege any cause of action under Title 15, but even if it did, no one named in the Complaint, whether as a named defendant or simply referenced in the text, resides or is found in the District of New Mexico. Therefore, no Title 15 jurisdiction exists in New Mexico over Plaintiff's claims.

Further, even if Plaintiff is attempting to seek relief under some other statute, such as 42 U.S.C. § 1983 or 28 U.S.C. § 2254, the Complaint does not allege that anyone resides in New Mexico, that any conduct by anyone occurred in New Mexico, or that the allegations are even connected to New Mexico. The Complaint does not establish any, much less minimum, contacts with the State of New Mexico. *Burger King*, 471 U.S. at 472. It is clear from the face of the Complaint that the Court lacks personal jurisdiction over any Defendant or claim, and the Court will dismiss Plaintiff's Complaint under Rule 12(b)(2).

**IT IS ORDERED** that the Civil Complaint filed by Lawrence M. Jiron (Doc. 1) and all claims and causes of action are **DISMISSED without prejudice** under Rule 12(b)(2) for lack of jurisdiction.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE